# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **DANIEL PECORARO,** | |
| Plaintiff, | 2007-CV-0007 |
| v. | |
| **CLAUDIUS HENRY, M.D., and THE GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
James L. Hymes, III, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT HENRY'S MOTION TO SET ASIDE ENTRY OF DEFAULT

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant Government of the Virgin Islands to Answer Complaint (Docket No. 11). Defendants filed a combined Opposition to said motion and Motion to Set Aside Entry of Default Against Defendant Claudius Henry, M.D. (Docket No. 16). Attached to said combined opposition and motion as Exhibit B is a copy of Defendants' previously filed Answer (Docket No. 15). The filing of such answer renders Plaintiff's motion to compel moot.

With regard to Defendant Henry's motion to set aside entry of default, the Court may set aside an entry of default "upon good cause shown." Fed. R. Civ. P. 55(c). The determination of "good cause" is within the sound discretion of the Court. *Mendoza v.*

*Pecoraro v. Henry*
2007-CV-0007
Order Denying Plaintiff's Motion to Compel and Granting Defendant Henry's Motion to Set Aside Entry of Default
Page 2

*Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Moreover, courts are encouraged to exercise their discretion liberally because resolving cases on their merits is generally preferred. *Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540, 2000 WL 1507073 at *1 (E.D.Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.*, No. 98-3921, 1999 U.S. Dist. LEXIS 899, at *3-4 (E.D.Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court must consider certain factors in determining whether "good cause" exists to set aside an entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.) whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is excusable, and 4.) whether alternative sanctions are appropriate. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiff will not be prejudiced by setting aside the default. Plaintiff filed his complaint in January 2007. Plaintiff filed notices of service of process in March 2007. Defendant Henry has filed an answer within four (4) months of the filing of the notice of service of process.

*Pecoraro v. Henry*
2007-CV-0007
Order Denying Plaintiff's Motion to Compel and Granting Defendant Henry's Motion to Set Aside Entry of Default
Page 3

Defendant Henry has filed an Answer in this matter and has asserted therein affirmative defenses, which if proven, would relieve him from liability. Thus, Defendant Henry has proffered a meritorious defense.

The reason given by Defendant Henry for missing the deadline for filing its answer was the fact that both he and Defendant Government of the Virgin Islands are insured health care providers with the Risk Management Program, and as such they are entitled to a defense through the Risk Management Program once they are served with process. However, the Risk Management Program was unaware of service of process effectuated upon Defendants, as attested to by Cherie K. Hendricks, Territorial Administrator of the Office of Risk Management. Affidavit of Cherie K. Hendricks, Opposition and Motion, Exhibit C. The Court finds that Defendant Henry's conduct was excusable. The Court further finds that Defendant Henry acted promptly when notified of the entry of default and that Defendant Henry was not personally responsible for said default. *See, e.g., DIRECTV, Inc. v. Adkins*, Civil No. 03-00064, 2003 WL 22299034 at *1 (W.D.Va. October 3, 2003).

Finally, the Court finds that no alternative sanction is appropriate or necessary.

*Pecoraro v. Henry*
2007-CV-0007
Order Denying Plaintiff's Motion to Compel and Granting Defendant Henry's Motion to Set Aside Entry of Default
Page 4

Based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendant Government of the Virgin Islands to Answer Complaint (Docket No. 11) is **DENIED AS MOOT**.

2. Motion to Set Aside Entry of Default Against Defendant Claudius Henry, M.D. (Docket No. 16) is **GRANTED**.

3. The Entry of Default Against Claudius Henry, M.D. (Docket No. 13) is **VACATED**.

ENTER:

Dated: July 10, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE