**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DANIEL PECORARO,** | |
| Plaintiff, | 1:07-cv-7 |
| v. | |
| **CLAUDIUS HENRY, M.D., and THE GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
James L. Hymes, III, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant Henry to Supplement His Responses to Discovery (Docket No. 83). The time for filing a response has expired.[1]

At issue are three (3) demands for production of documents, specifically demands numbered 1 through 3. Plaintiff has indicated that said Defendant maintains the position

---

1. Plaintiff purports to satisfy the requirements of LRCi 37.2. However, the stipulation filed as an attachment with said motion is unexecuted. Taken together with Plaintiff's representation that counsel stated that he "would stand by" his original responses, the Court will treat the unexecuted stipulation as evidence of counsel's refusal to sign, despite that fact that moving counsel failed to provide the requisite certification as specified in LRCi 37.2(c)(2). The Court cautions counsel to adhere to the specific requirements of LRCi 37.2.

taken in his original responses; namely, that he does not have access to the requested documents.

The Court will deny the motion. All of the documents sought by Plaintiff pertain to meetings and members of the Medical Malpractice Review Committee. Plaintiff does not allege that said Defendant is a member of such review committee nor that he otherwise would have access to such information maintained by the committee by virtue of his professional status. Plaintiff appears to claim that the committee reviewed Plaintiff's complaint against Defendant and, thus, by virtue of being the subject of review, said Defendant would automatically have access to the documents requested. However, without further evidence, the Court cannot conclude that said Defendant's status as the subject of committee review automatically bestows upon him the authority to access the committee's internal documents and information.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Defendant Henry to Supplement His Responses to Discovery (Docket No. 83) is **DENIED**.

ENTER:

Dated: April 16, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE